CARLOS RENÉ ALVAREZ MONTALVO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. ALFREDO ARCHILLA GUENARD, JUEZ, demandado.

*Número:* C-63-37          *Resuelto:* 23 de octubre de 1963

*Hernán Longoria,* abogado del peticionario; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del demandado.

Sala integrada por el Juez Asociado Señor Pérez Pimental como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Carlos René Alvarez Montalvo fue acusado de conducir un vehículo bajo los efectos de bebidas embriagantes. Los hechos que dieron base a la acusación ocurrieron el 24 de diciembre de 1962. Se le tomó muestra de sangre. Le fue entregada una como lo dispone el inciso (f) de la Sec. 5-803 de la Ley de Vehículos y Tránsito—9 L.P.R.A. sec. 1043. El análisis efectuado por el Estado con fecha 9 de enero de 1963 resultó con un 0.22 del uno por ciento por peso de alcohol. Se radicó acusación el 6 de febrero de 1963. La lectura de la acusación fue el 18 de febrero. El 1ro. de abril señalado para la celebración del juicio, el acusado solicitó que se ordenara hacer un análisis de comprobación ya que el químico que analizó su muestra le certificó que sólo tenía un 0.124 del uno por ciento por peso de alcohol. Se pospuso la vista para que el acusado radicara la moción por escrito. Posteriormente el tribunal denegó lo solicitado.

En *Pueblo* v. *Zalduondo Fontánez,* 89 D.P.R. 64 (1963) dijimos que "[s]i bien hemos reconocido el derecho del acusado a que se practique el examen de comprobación, la solicitud al efecto debe presentarse diligentemente y con suficiente anticipación a la fecha señalada para el juicio. . . . Así se evita se convierta en escape para lograr la suspensión de la vista señalada. Correspondería al acusado exponer las circunstan-

cias que le impidieron solicitarlo antes de la fecha del señalamiento, si ese fuera el caso."

En el presente caso la solicitud para que se analizara la muestra de comprobación fue radicada el mismo día del juicio y el acusado no justificó la tardanza. El hecho de que el informe de la muestra que él analizara se le sometiera el 29 de marzo no es excusa suficiente en ausencia de una explicación razonable para esa dilación. Al acusado, a fin de evitar una posposición innecesaria del juicio, debe ser diligente en someter su muestra para análisis y en solicitar el análisis de comprobación.

*Se anulará el auto expedido y se devolverá el caso para ulteriores procedimientos.*